UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:13-CV-30 |
| ) | |
| JOHN DOE, *subscriber assigned IP* ) | |
| *address 50.148.89.255*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Docket # 16.) Defendant has not responded to the motion, and the time to do so has since passed. For the following reasons, the motion will be GRANTED.

### A. *Factual and Procedural Background*

Plaintiff Malibu Media, LLC, brought this copyright infringement action against Defendant John Doe in February 2013. (Docket # 1.) Defendant answered at the end of June, asserting ten affirmative defenses. (Docket # 15.)

On July 19, 2013, Plaintiff filed the instant motion, seeking to strike four of those defenses—laches, unclean hands, waiver, and estoppel; failure to mitigate damages; failure to join an indispensable party; and implied license, consent, and acquiescence. (Docket # 16.) Defendant has not filed a response to the motion.[1]

---

[1] In fact, because of Defendant's failure to respond, the Court could rule on the motion summarily under Local Rule 7-1(d)(4). N.D. IND. L.R. 7-1(d)(4); *see Bryant v. Fort Wayne Metro. Human Relations Comm'n*, No. 1:06-CV-261, 2007 WL 2479337, at *2 n.4 (N.D. Ind. Aug. 28, 2007); *Taylor v. Lifetouch Nat'l Sch. Studios, Inc.*, 490 F. Supp. 2d 944, 950 (N.D. Ind. 2007) (granting defendant's motion to strike because plaintiff failed to respond).

*B.  Applicable Law*

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011).  The decision whether to strike material under Rule 12(f) is within the discretion of the district court.  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

An affirmative defense is a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense.  *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *1 (N.D. Ind. Jan. 30, 2012) (citing *Heller*, 883 F.2d at 1294).  When faced with a motion to strike affirmative defenses under Rule 12(f), courts apply a three-part test: "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2007 WL 1238917, at *1 (N.D. Ill. Apr. 25, 2007) (citing *Surface Shields, Inc. v. Poly-Tak Prot. Servs., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003)).

An affirmative defense that fails to meet any of these standards must be stricken. *Id.* (citations omitted).

Furthermore, "[e]ven under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Pringle v. Garcia*, No. 2:09-CV-22-RLM-PRC, 2009 WL 1543460, at *1 (N.D. Ind. June 2, 2009) (quoting *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006)). As such, bare bones conclusory allegations are insufficient. *Id.* (quoting *Reis*, 462 F. Supp. 2d at 904); *see also Heller*, 883 F.2d at 1295 (calling defenses "meritless" when they were "nothing more than bare bones conclusory allegations"). Ultimately, however, affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Cottle*, 2012 WL 266968, at *1 (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."))).

### C. Analysis

Plaintiff first moves to strike Defendant's second affirmative defense—that "Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, waiver and estoppel"—as a bare conclusory allegation unsupported by any factual basis. (Pl.'s Mot. to Strike Def.'s Affirmative Defenses ("Pl.'s Mot. to Strike") 3 (quoting Answer 10).) "Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense." *Reis*, 462 F. Supp. 2d at 907 (citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Defendant, however, does not allege

3

how the elements of these defenses are purportedly satisfied, merely asserting—without explanation or factual support—that they bar Plaintiff's claims.

But "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)." *Id.*  And "[i]t is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations,' or what have you) for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which is after all the goal of notice pleading." *State Farm*, 199 F.R.D. at 279.  This is exactly what Defendant has done here, and, as such, his second affirmative defense will be STRICKEN.

Next, Plaintiff moves to strike Defendant's fifth affirmative defense—that Plaintiff did not mitigate its damages—arguing that this defense is improper because it has elected to pursue only statutory, rather than actual, damages.  (Pl.'s Mot. to Strike 4-5; *see* Answer 11.)  Plaintiff has advanced this argument in similar litigation in other courts.  *See Malibu Media, LLC v. Lee*, No. 12-03900, 2013 WL 2252650, at *8 (D. N.J. May 22, 2013); *Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *3 (D. Colo. Apr. 5, 2013).  And at least one of those courts has recognized that "a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *Batz*, 2013 WL 2120412, at *3 (citing *Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D. N.J. 2005)).  The *Batz* court, however, did not strike the defendant's failure-to-mitigate defense because Malibu Media had not yet elected to pursue only statutory damages.  *Id.*

Here, Plaintiff requests statutory damages in its Complaint (Compl. ¶ 33(D)) and states in the instant motion that it "hereby elects to recover statutory damages under the Copyright Act instead of an award of actual damages" (Pl.'s Mot. to Strike 4).  *See* 17 U.S.C. § 504(c) (providing that "the copyright owner may elect, at any time before final judgment is rendered, to recover, *instead of actual damages and profits*, an award of statutory damages . . ." (emphasis added)).  Having elected statutory damages, Plaintiff has given up the right to seek actual damages, *see Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997); *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1380 (2d Cir. 1993), thereby making a failure-to-mitigate defense inapplicable.  As such, this affirmative defense will be STRICKEN.

Plaintiff also takes issue with Defendant's seventh affirmative defense, in which he argues that Plaintiff failed to join an indispensable party since he did not engage in any infringing activity and Plaintiff has not joined those that did.  (Pl.'s Mot. to Strike 5-7; *see* Answer 11.)  According to Plaintiff, this defense should be stricken because it amounts to a denial rather than an affirmative defense and Federal Rule of Civil Procedure 19 does not necessitate joinder under these circumstances.  (*See* Pl.'s Mot. to Strike 5-7.)

First, Defendant's assertion that he did not engage in any of the alleged infringement does appear to be nothing more than a denial of liability, which is not an affirmative defense.  *See Batz*, 2013 WL 2120412, at *4 ("To the extent that Mr. Batz contends he did not engage in the downloading, he has asserted a denial rather than a defense.").  As for the remainder of this defense, Defendant's belief that "other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a)."  *Id.*  To prevail against Defendant, Plaintiff must prove that he downloaded its copyrighted material without

5

authorization.  *Malibu Media, LLC v. John Doe 1*, No. 12-2078, 2013 WL 30648, at *10 (E.D. Pa. Jan. 3, 2013).  The Court will be able to adjudicate this matter and "accord complete relief" to Plaintiff regardless of whether any other allegedly infringing members are present.  *Id.* (citing FED. R. CIV. P. 19(a)(1)(A)).  Furthermore, even if Plaintiff was advancing a theory of joint liability—which it is not (*see* Pl.'s Mot. to Strike 7)—"joint tortfeasors are neither necessary parties under Rule 19(a) nor indispens[a]ble parties under Rule 19(b)."  *Id.*  Accordingly, because Defendant's failure-to-join defense cannot succeed under any circumstances, it will also be STRICKEN.  *Batz*, 2013 WL 2120412, at *4.

Finally, Plaintiff asks the Court to strike Defendant's eighth affirmative defense as conclusory.  (Pl.'s Mot. to Strike 7-9.)  This defense states that "Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent [sic]."  (Answer 12.)  Although this allegation does contain some explanation of how these defenses purportedly apply, it is not enough to survive the motion to strike.

As to the implied license defense, "courts have only found implied licenses in narrow circumstances where one party created a work at the [other's] request and handed it over, intending that [the other] copy and distribute it."  *Jany v. Lake Cnty. Convention & Visitors Bureau*, No. 3:05-CV-217-PRC, 2006 WL 2771019, at *17 (N.D. Ind. Sept. 22, 2006) (internal quotation marks and citations omitted).  An implied license arises when "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work."  *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774-75 (7th Cir. 1996) (citing *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557-58 (9th Cir. 1990)).  The implied

6

license defense is properly stricken when the pleadings lack any factual support for it. *Batz*, 2013 WL 2120412, at *5 (citing *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 427 (S.D.N.Y. 2010)).

In this case, Defendant's Answer forecloses the possibility of an implied license defense. The Complaint alleges that "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." (Compl. ¶ 30.) In his Answer, Defendant denies the allegations contained in this paragraph. (Answer ¶ 30.) With this general denial, Defendant appears to be denying not only that he copied and distributed the parts of Plaintiff's copyrighted works, but that he used BitTorrent to do so. As such, Defendant cannot demonstrate that "he requested Plaintiff's work via BitTorrent, that Plaintiff delivered the work, and that Plaintiff intended [Defendant] to distribute it," as required to establish an implied license defense. *Batz*, 2013 WL 2120412, at *5.

Regarding the consent and acquiescence defenses, Plaintiff alleges in the Complaint that it "did not authorize, permit or consent to Defendant's distribution of its works." (Compl. ¶ 31.) Therefore, Defendant's assertion in his eighth affirmative defense that Plaintiff consented or acquiesced to the alleged infringement amounts to nothing more than a denial of this allegation, which Defendant improperly asserts as an affirmative defense. *See Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009) ("[I]t is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint." (citations omitted)). Accordingly, like the other three challenged defenses, Defendant's eighth affirmative defense will also be STRICKEN in its entirety.

### *D.  Conclusion*

For the foregoing reasons, Plaintiff's Motion to Strike (Docket # 16) is GRANTED. Defendant's second, fifth, seventh, and eighth affirmative defenses are therefore STRICKEN from the Answer.

SO ORDERED.

Entered this 9th day of August, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge